IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANIA GONZALEZ, BEATRIZ GONZALEZ, DIANA GONZALEZ, and EDGAR E. RODRIGUEZ, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2785 |
| SECURITY NATIONAL INSURANCE COMPANY d/b/a BRISTOL WEST SPECIALTY INSURANCE COMPANY | § § § § § | |
| Defendant. | § | |

### **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiffs' Motion to Remand (Doc. No. 7). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' motion be **DENIED**.

### **I. Case Background**

Plaintiffs bring this action against Security National Insurance Company ("Defendant") seeking compensation for injuries resulting from an automobile accident with an uninsured motorist on August 4, 2013.[2] Defendant was Plaintiff's auto insurance provider

---

[1] This motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 12.

[2] See Doc. 1-2, Ex. B-1 to Def.'s Notice of Removal, Pls.' Original Pet. p. 2.

at the time of the accident.[3]

Plaintiff filed this action in Texas state court on August 3, 2015, claiming breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code Chapters 541 and 542.[4]  Plaintiffs' damages included attorney fees, pain, mental anguish, medical expenses, treble damages, and statutory penalties under Chapter 542.[5]  Plaintiffs estimated damages to be $75,000 for each Plaintiff.[6]

Plaintiffs additionally named Laura Messick ("Messick") as a party-defendant.  Messick was identified as an individual employed by Defendant.[7]  Plaintiffs assert that Messick acted within the course of her employment and acted with Defendant's apparent authority.[8]

On September 24, 2015, Defendant removed this action based on diversity jurisdiction.[9]  Defendant maintained that diversity jurisdiction existed because Messick had been improperly joined in

---

[3]     See id. pp. 3.

[4]     See id. pp. 4-7.

[5]     See id. pp. 7-8.

[6]     See id. p. 9.

[7]     See id. p. 1.

[8]     See id. p. 4.

[9]     See Doc. 1, Def.'s Notice of Removal.

Plaintiffs' suit.[10] Defendant argued that the amount in question requirement was satisfied because the petition estimated that Plaintiffs could each recover $75,000.[11] On September 29, 2015, Plaintiffs filed an amended petition, containing identical claims but specifying Plaintiffs' medical expenses were less than $12,000 and that the total amount in controversy was $75,000 for all Plaintiffs.[12] Plaintiffs filed a motion to remand on October 2, 2015.[13] On October 6, 2015, Defendant responded in opposition to Plaintiffs' motion to remand.[14]

## II. Legal Standard

"Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court." Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"The removing party bears the burden of establishing that

---

[10] See id. p. 3.

[11] See id. p. 10.

[12] See Doc. 7-1, Ex. A to Pls.' Mot. to Remand, Pls.' 1st Am. Pet. pp. 8-9.

[13] See Doc. 7, Pls.' Mot. to Remand.

[14] See Doc. 10, Def.'s Resp. to Mot. to Remand.

federal jurisdiction exists." De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). If the state court complaint explicitly claims $75,000 or more, federal jurisdiction is presumed as long as Plaintiff's complaint was made in good faith. De Aguilar, 47 F.3d at 1409 (citing St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 288 (1938)). Once a defendant has established the presumption that federal jurisdiction is warranted, it must appear to "a legal certainty that the claim is really for less than the jurisdictional amount" in order to justify remand. De Aguilar, 47 F.3d at 1409.

### III. Analysis

Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, arguing that Messick had been improperly joined in order to defeat jurisdiction. Plaintiffs argue that the court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.[15] In support, Plaintiffs cite to their amended petition, which seeks under $12,000 in medical bills but states that the amount in controversy

---

[15] See Doc. 7, Pls.' Mot. to Remand p. 2.

is "$75,000 for all Plaintiffs."[16] Defendant responds that removal jurisdiction is based on the pleadings at the time of removal, not by subsequent amendments.

**A.   Improper Joinder**

The court first considers whether it has removal jurisdiction in light of Messick's non-diverse citizenship.

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either: (1) actual fraud in the pleading of jurisdictional facts, or; (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 368, 373 (5th Cir. 2004).

A defendant claiming improper joinder bears a heavy burden of persuasion. Smallwood, 385 F.3d at 574. All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested issues of fact and any ambiguities of state law must be resolved in favor of remand. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007); Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005).

Here, Defendant alleges that Plaintiffs are unable to establish a cause of action against Messick and therefore must

---

[16] See Doc. 7-1, Ex. A to Pls.' Mot. to Remand, Pls.' 1st Am. Pet. pp 8-9.

demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005).  The court need not determine the merits of the claim, "but only look for a possibility" that a plaintiff might prevail. Guillory, 434 F.3d at 308-09. In conducting this analysis, the court evaluates a plaintiff's petition under Texas's "fair notice" pleading standard, rather than under the federal standard. Akerblom v. Ezra Holdings, Ltd., 509 F. App'x 340, 344-45 (5th Cir. 2013).  However, in the absence of proof, courts do not "assume that the nonmoving party could or would prove the necessary facts."  Badon v. R J R Nabisco, Inc., 224 F.3d 383, 393-94 (5th Cir. 2000).

In their motion to remand, Plaintiffs do not contest Defendant's arguments regarding Messick's improper joinder but attach an amended complaint which states that the amount in controversy is $75,000 for all Plaintiffs, exclusive of interest and costs.[17]

Plaintiffs' original petition merely identified Messick as an agent of Defendant and failed to allege any specific action on her part that would subject her to personal liability.  Without any allegations of improper conduct, the court is unable to establish

---

[17] See Doc. 7-1, Ex. A to Pls.' Mot. to Remand, Pls.' 2nd Am. Pet. p. 9. The amended petition did not make any additional factual allegations against Messick.

a reasonable basis for predicting whether Texas law might impose liability on Messick. See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); TAJ Prop., LLC v. Zurich Am. Ins. Co., No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (holding that an adjustor was improperly joined when all claims were made generally against "Defendants" without specific allegations regarding the adjustor's actions). Viewing only the original petition, as the court must, the court finds that Messick was improperly joined and therefore finds that complete diversity existed under 28 U.S.C. § 1332 at the time of removal.

**B.  Amount in Controversy**

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a). Plaintiffs argue that the court must remand this action because the amended complaint seeks damages in the amount of $75,000 for all four plaintiffs. As discussed above, the court looks to the state court petition at the time of removal to determine whether the amount in controversy exceeds $75,000. Pullman, 305 U.S. at 537; Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

This requirement is satisfied if either: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or (2) the defendant offers 'summary judgment type evidence' that supports a finding of the requisite amount."

Manguno, 276 F.3d at 723.  Once diversity jurisdiction is established, subsequent events that reduce the amount in controversy generally do not divest the court of jurisdiction. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

Here, the original petition sought $75,000 in damages for each plaintiff for injuries sustained in a hit-and-run accident and claimed "painful and debilitating injuries" "physical pain in the past, present and future," "mental anguish in the past, present and future," "physical impairment in the past, present and future," and medical expenses.[18]  Plaintiffs also sought treble damages for statutory violations of the DTPA and Texas Insurance Code.  Based on the foregoing, it is apparent that the amount in controversy exceeded $75,000 at the time of removal for each plaintiff.

After a defendant has met its burden establishing the elements of diversity jurisdiction, a plaintiff can only establish that remand is warranted by showing that he cannot recover $75,000 based on a legal certainty.  De Aquilar, 47 F.3d at 1412.  A plaintiff may establish legal certainty by submitting a binding stipulation or affidavit along with the petition stating that he affirmatively seeks less than $75,000 and that he will not accept an award exceeding that amount.  Ditcharo v. United Parcel Serv., Inc., 376 F. App'x 432, 437 (5th Cir. 2010) (citing De Aquilar, 47 F.3d at

---

[18]   See Doc. 1-2, Ex. B-1 to Def.'s Notice of Removal, Pls.' Original Pet. pp. 8-9.

1412). This, Plaintiffs have not done, but instead filed an amended complaint.

In their amended complaint, Plaintiffs now seek "up to $75,000" in total damages, stating that Plaintiffs' medical bills are less than $12,000, and arguing that they therefore cannot recover more than $75,000.[19] Defendant responds that jurisdiction was proper at the time of removal and that Plaintiffs offer no evidence that the amount in controversy was not met at the time of removal.[20] The court agrees; post-removal filings generally do not divest the court of jurisdiction and Plaintiffs have not made a sworn disclaimer of damages. See De Aguilar, 47 F.3d at 1412; Gebbia, 233 F.3d at 883. Plaintiffs have failed to establish to a legal certainty that at least one of them cannot recover $75,000, and their motion for remand must be denied.[21]

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

---

[19] See Doc. 7, Pls.' Mot. to Remand p. 2.

[20] See Doc. 8, Def.'s Resp. to Pl.'s Mot. to Remand pp. 5-8.

[21] However, where the elements of citizenship are met and at least one plaintiff satisfies the amount-in-controversy requirement, the court may assert supplemental jurisdiction of the claims of the other plaintiffs, even though their claims are for less than the required amount. Exxon Mobil Corp. v. Allapattah Svs., Inc., 545 U.S. 546, 559 (2005).

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 8th day of March, 2016.

_____
U.S. MAGISTRATE JUDGE